FILED

DEC 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEIGUANG CHEN, | No. 08-70043 |
| Petitioner, | Agency No. A098-956-205 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 6, 2012
Pasadena, California

Before: BERZON, IKUTA, and NGUYEN, Circuit Judges.

Beiguang Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' (BIA) order dismissing his appeal of an

immigration judge's (IJ) decision denying his application for asylum, withholding

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

of removal, and relief under the Convention Against Torture (CAT). We deny Chen's petition.

**1.** Substantial evidence supports the BIA's adverse credibility determination. At his credible fear interview, Chen answered "no" when asked if he "ever had any problem with police and/or other governmental authorities in China." Chen's answer directly contradicts his later testimony that police and local officials threatened him with fines, confiscated his personal property, and forced his wife to have an abortion. The inconsistency between Chen's statement at his initial interview and his later testimony is more than trivial. Under the Real ID Act, the IJ and BIA were permitted to rely on that inconsistency in finding Chen not credible. *See Shrestha v. Holder*, 590 F.3d 1034, 1043-44 (9th Cir. 2010).

For the first time at oral argument, Chen's counsel argued that the IJ denied Chen an opportunity to explain the inconsistency, and that the IJ's and BIA's decisions failed to give reasoned consideration to the explanation that Chen's former counsel provided at the merits hearing. We lack jurisdiction over these arguments because they were not raised before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

In the absence of credible testimony, Chen's asylum and withholding of removal claims fail, so we deny the petition with regard to those claims.

**2.** Substantial evidence supports the BIA's and IJ's determination that Chen failed to establish it is "more likely than not" that he will be tortured upon his return to China. 8 C.F.R. § 1208.16(c)(2). Apart from his testimony, Chen has not provided any evidence specific to him that torture is likely to occur. Nor has Chen identified any other evidence in the record that undercuts this determination. *Cf. INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse the BIA['s] finding we must find that the evidence not only *supports* that conclusion, but *compels* it . . . .").

The dissent maintains that the IJ and BIA failed to consider the Country Report. Failure to demonstrate consideration of *probative* evidence contained in a country report may warrant the inference that the agency failed to consider relevant evidence in the record in violation of the alien's due process rights. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010). Here, however, the Country Report contains no *probative* evidence, and so there is no basis for inferring, from the IJ's and BIA's silence, that they failed to consider it. *See Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011) ("[F]ailing to mention highly probative or potentially dispositive evidence" warrants an inference that the evidence was not considered); *see also Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000) ("[A]n alien attempting to establish that the Board violated his right to due process by

3

failing to consider relevant evidence must overcome the presumption that it did review the evidence.").  We therefore deny Chen's petition with regard to his CAT claim.

Petition for review DENIED.

*Chen v. Holder*, No. 08-70043

BERZON, Circuit Judge, dissenting in part:

I concur in Part 1 of the panel's disposition. Because I would grant Chen's petition with regard to his CAT claim, I respectfully dissent from Part 2.

The BIA did not give any reasons for denying Chen's CAT claim. It made only the conclusory statement that Chen had "not presented any persuasive arguments" for reversing the IJ's denial of CAT relief. In turn, none of the IJ's reasons for denying CAT relief indicate that the IJ gave any consideration to the country report in the record. Nor did the BIA or the IJ make a "general statement that [they] considered all the evidence before [them]." *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011).

The majority concludes that the Country Report in the record "contains no probative evidence" regarding Chen's CAT claim. I disagree. The State Department's 2005 Country Report on Human Rights Practices documents the following country conditions relevant to Chen's testimony that he feared forced sterilization and imprisonment upon return to China:

- [P]olice and other elements of the security apparatus employed torture and degrading treatment in dealing with some detainees and prisoners[, a] chronic problem.

- Sexual and physical abuse . . . in some detention centers.

- [A]t least seven thousand people were forcibly sterilized [in 2005].

Because nothing in the record indicates that either the BIA or the IJ gave "reasoned consideration to [this probative] evidence," *Cole*, 659 F.3d at 772, "the proper course of action is to remand with instructions that the BIA reconsider [Chen's] CAT claim in light of the Country Report," *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam)).